UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DYNAMIS ENERGY LLC d/b/a** <br> **UNITED ENERGY SERVICES,** <br><br> Plaintiff, <br><br> v. <br><br> **US ENERGY SOLUTIONS, INC. and** <br> **SERGHEI BUSMACHIU,** <br><br> Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 and 1446, US Energy Solutions, Inc. ("UES") and Serghei Busmachiu ("Busmachiu") (collectively, "Defendants"), Defendants in Cause No. DC-19-18533, in the 14th Judicial District Court, Dallas County, Texas (the "Lawsuit"), serve this *Notice of Removal* from that Court to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of diversity of citizenship and the amount in controversy. Specifically:

**A. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP**

1. There is complete diversity of citizenship between Plaintiff (*i.e.*, **Illinois** and **Florida**) and Defendants (*i.e.*, **New Jersey** and **Pennsylvania**).

2. For purposes of diversity, the citizenship of a limited-liability company is determined by the citizenship of each member of the entity. *E.g.*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Pennie v. Obama*, 255 F. Supp. 3d 648, 670 (N.D. Tex. 2017).

3.  Both at the time the Lawsuit was filed, and at the time of removal, **Plaintiff**—a limited-liability company—was, and remains a citizen of **Illinois** and **Florida**.[1]

   a.  Upon information and belief, the only members of Plaintiff are Robert Michael Scott ("Scott") and Justin Bishop ("Bishop").[2]



   b.  Upon information and belief, both at the time the lawsuit was filed, and at the time of removal, Scott was and remains a citizen of Illinois because Scott's domicile is in Illinois. Scott has a fixed residence in Illinois and has manifested intent to remain there indefinitely.



   c.  Upon information and belief, both at the time the lawsuit was filed, and at the time of removal, Scott was and remains a citizen of Florida because Scott's domicile is in Florida.[3] Scott has a fixed residence in Florida and has manifested intent to remain there indefinitely.

---

[1] For the Court's ease of reference, references to exhibits attached to this *Notice* will be referred to by exhibit number and appendix number (for specific page references), *e.g.*, *Ex. A* (Def. App. ____).
[2] *Ex. 1-A,* (Def. App. 006).
[3] *Id.*

4. For purposes of diversity, the citizenship of a corporation is determined by the state of incorporation and the state of its principal place of business. *E.g.*, 28 U.S.C. § 1332(c)(1); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 83 (2005); *Jerguson v. Blue Dot Inv., Inc.*, 659 F.2d 31, 33 (5th Cir. 1981).

5. Both at the time the lawsuit was filed, and at the time of removal, **UES**—a corporation—was, and remains a citizen of **New Jersey** and **Pennsylvania**.

   a. UES is incorporated under the laws of New Jersey.[4]

   b. UES's principal place of business is in Philadelphia, Pennsylvania.[5]

6. For purposes of diversity, a natural person is considered a citizen of the state where that person is domiciled—where the person has a fixed residence with the intent to remain there indefinitely. *Freeman v. Nw. Acceptance Corp.*, 553, 555–56 (5th Cir. 1985); *Pennie*, 255 F. Supp. 3d at 670.

7. Both at the time the lawsuit was filed, and at the time of removal, **Busmachiu**—a natural person—was and remains a citizen of **New Jersey** because Busmachiu is domiciled there. Busmachiu has a fixed residence in New Jersey and has manifested an intent to remain there indefinitely.[6]

## B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

8. This is a civil action. The original petition filed in state court, a true and correct copy of which is filed herewith, alleges Defendants are liable for breach of contract, tortious interference with existing and prospective contracts, and "unfair competition." Plaintiff has pled the following damages:

---

[4] *Ex. 2-A,* (Def. App. 034).
[5] *Ex. 2* (Def. App. 032).
[6] *Id*.

      a. actual damages;

      b. exemplary damages;

      c. injunctive relief; and

      d. attorneys' fees and costs of court.

9. The amount in controversy, exclusive of interest and costs, exceeds $75,000. Plaintiff's live pleading expressly seeks damages in excess of $200,000 but less than $1,000,000.

> 6. Plaintiff seeks estimated aggregate monetary relief of more than $200,000 but less than $1,000,000 (including damages of any kind, penalties, costs, expenses, pre-judgment

10. No jury demand has been made in the Lawsuit.

11. The Lawsuit was received by Defendants on December 27, 2019—less than thirty (30) days before the filing of this *Notice of Removal*,[7] and this *Notice of Removal* is being filed within one (1) year of the date suit was first filed in state court.

12. Without consenting to personal jurisdiction,[8] venue is proper in this district and division because Dallas County, the county in which the Lawsuit was filed, is within the Northern District of Texas, Dallas Division. *See* 28 U.S.C. § 1441(a) (removal is proper "to the district court of the United States for the district and division embracing the place where such action is pending").

---

[7] *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1998) ("When service is effected on a statutory agent [*e.g.*, the Texas Secretary of State], the removal period begins when the defendant actually receives the process, now when the statutory agent receives process.").

[8] Defendants expressly reserve all rights to contest personal jurisdiction in Texas—both in federal and state court. *Mandell v. Cent. Refrigerated Serv., Inc.*, No. EP-09-CV-260-DB, 2010 WL 11601883, at *2 (W.D. Tex. Jan. 14, 2010) ("Eaton did not consent to the Court's exercise of personal jurisdiction by removing the instant case to federal court before attacking personal jurisdiction.").

13. Simultaneously with the filing of this *Notice of Removal*, Defendants are filing one copy of all process, pleadings and orders served upon them in the Lawsuit. A copy of this *Notice of Removal* is also concurrently being filed with the state court and served upon opposing court.

14. Accordingly, Defendants hereby remove this Lawsuit to this Court.

Dated: January 13, 2020

Respectfully Submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

By: */s/ Tom Hill Crawford, III*
**Tom Hill Crawford, III,** *Lead Counsel*
Texas State Bar No. 24059623
tcrawford@cwl.law
**Jason T. Weber**
Texas State Bar No. 24075251
jweber@cwl.law

1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 817-4509

*Attorneys for Defendants US Energy Solutions, Inc. and Serghei Busmachiu*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3), I hereby certify that a true and correct copy of the foregoing document was electronically filed on January 13, 2020. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system to all counsel of record.

*/s/ Jason T. Weber*
Jason T. Weber